# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 09-cv-4294 |
| SEAN FERRELL, | : |
| | : |
| Defendant. | : CRIMINAL ACTION |
| | : |
| | : No. 04-cr-575 |
| | : No. 04-cr-730 |

## MEMORANDUM AND ORDER

**Joyner, J.**                                                April 19, 2010

This case is now before the Court on Defendant/Petitioner's Habeas Corpus Motion Under 28 U.S.C. § 2255 (Docs. No. 76/116). For the reasons set forth below, Defendant's Motion will be DENIED.

## Factual Background

In 2004, Defendant was facing two separate criminal prosecutions. Case number 04-cr-575 charged Defendant with being a convicted felon in possession of a firearm and with being a convicted felon in possession of ammunition. The ammunition charge was dismissed on the government's motion, and Defendant pled guilty to the possession of a firearm charge on April 9, 2007. He was sentenced to 120 months of imprisonment, a $100 special assessment, a $500 fine, and 3 years of supervised release on August 14, 2007. Case number 04-cr-730 charged

Defendant with possession with intent to distribute cocaine, carrying a firearm during and in relation to a drug trafficking offense, being a convicted felon in possession of a firearm, and being a convicted felon in possession of ammunition. Defendant went to trial on this case and was convicted on all counts on March 8, 2007. On June 25, 2007, he was sentenced to 240 months imprisonment on the drug charges to run consecutively with his sentence in 04-cr-575 and 120 months on the weapons charges to run concurrently with the 240-month drug sentence. He was also given a special assessment of $400, a fine of $2,000, and 3 years of supervised release.

Defendant filed his appeal with the Third Circuit in case number 04-cr-575 on June 28, 2007, and his appeal in case number 04-cr-730 on June 29, 2007. The Third Circuit affirmed both convictions and sentences on November 4, 2008, without issuing an opinion. Defendant then filed his first petition for habeas corpus relief with this Court on September 22, 2009. In this petition, he alleges three constitutional harms that justify relief: first, he asserts a Fifth Amendment violation based on the government's proffering the knowingly perjured testimony of Bureau of Alcohol, Tobacco, and Firearms ("ATF") Agent Michael Ricko at Defendant's grand jury proceedings; second, Defendant asserts a Sixth Amendment ineffective assistance of counsel claim based upon trial counsel's failure to correct or cross-examine

2

ATF Agent Sarah Coughlin regarding her statements identifying Defendant; and third, Defendant asserts another Sixth Amendment ineffective assistance of counsel argument based upon trial counsel's failure to call Agent Ricko to contradict the testimony provided by ATF Agent Brandon Harrison.

## Standard

28 U.S.C. § 2255 provides individuals under federal custody with an avenue to challenge their sentences. In doing so, the petitioner must demonstrate that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such a claim must be brought within one year of the latest of the conviction becoming final, the removal of any impediment to bringing the motion, the development of a newly recognized right made retroactive by the Supreme Court of the United States, or the date on which facts supporting the claim could have been discovered through due diligence. Id. § 2255(f).

## Discussion

**Fifth Amendment Claim**

Defendant first asserts that his Fifth Amendment due process rights were violated when the government put on knowingly perjured testimony at his grand jury proceeding. Defendant is

correct that the government cannot meet the dictates of the Fifth Amendment's Due Process Clause by providing all of the process demanded but submitting evidence that it knows to be false in order to guarantee the desired result. See Mooney v. Holohan, 294 U.S. 103, 112 (1935) (stating that it is insufficient for the government to provide "mere notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured"). In order to constitute perjury, and thereby rise to a Fifth Amendment concern, the presentation of the false statement must be willful. See 18 U.S.C. § 1621 (establishing the federal crime of perjury).

In the present case, Defendant has not established that Agent Ricko's testimony to the grand jury was false, much less willfully false. Defendant asserts that Agent Ricko testified that he was present at and witnessed events, although this was not actually the case, and that this false testimony resulted in Defendant's indictment. Although Agent Ricko did repeatedly use the term "we" when providing his testimony, and although we do agree with Defendant that a review of the grand jury transcript could lead to the conclusion that Agent Ricko was claiming to have been present at the events about which he was testifying, this is not the only conclusion that can be drawn. The

government asserts that in asking its questions, it consistently was using the plural "you" and that Agent Ricko consistently answered with "we" instead of "I." Because of this, the government asserts that Agent Ricko was not testifying about his personal experience, but rather was providing a hearsay summary of the investigations undertaken by the ATF. As hearsay is permitted in grand jury proceedings, Costello v. United States, 350 U.S. 359, 363 (1956), Agent Ricko's testimony would only be objectionable if he was actually claiming to have been present when he was not, or if his testimony was provided to willfully give such an impression to the grand jury. Given the government's explanation, which does appear reasonable in light of the grand jury transcript, even to the extent that the grand jury may have misunderstood Agent Ricko's testimony, it cannot be described as being willfully false. Defendant's Fifth Amendment claims, therefore, must be denied.

**Sixth Amendment Claims**

The Sixth Amendment guarantees criminal defendants the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is ineffective if a habeas petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id. at 688, 694. In assessing whether counsel's representation was constitutionally deficient, it is important to remember that the Sixth Amendment does not guarantee perfect representation. In this regard, the Supreme Court has cautioned against "second-guess[ing] counsel's assistance after conviction or adverse sentence." Id. at 689. Further, any analysis begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

If a petitioner establishes that his attorney's performance was constitutionally deficient, the court then turns to an examination of whether the outcome at trial would have been different but for the attorney's errors. The standard for showing prejudice "is not a stringent one." Hull v. Kyler, 190 F.3d 88, 110 (3d Cir. 1999) (quoting Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999)). A petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Importantly, although this standard does demand that a petitioner show more than "that the errors had some conceivable effect on the outcome of the proceeding," it does not require a showing that the error "more likely than not altered the outcome in the case." Id. at 693.

Defendant in this case cannot establish that he received

constitutionally deficient representation, and, therefore, he has no viable Sixth Amendment claim. Defendant highlights two separate points at which his counsel was allegedly deficient. First, he asserts that his counsel's failure to either object to or cross-examine Agent Coughlin's testimony regarding her identification of Defendant while driving his car was a constitutionally deficient failure on his attorney's part. Defendant bases this contention on his assertion that there was a stipulation between counsel at a pre-trial suppression hearing that Agent Coughlin would not be testifying that she made an identification of Defendant while he was driving his car. After a review of the transcript, it does not appear that a stipulation was agreed to by the government as to Agent Coughlin's testimony; although defense counsel proposed a stipulation, the government did not agree as to Agent Coughlin that such a stipulation could be entered at that time. Any failure to raise this alleged stipulation at trial, therefore, was not ineffective. Further, even if a stipulation was reached, it does not appear that Agent Coughlin's testimony at trial was counter to this stipulation. At trial, Agent Coughlin only testified as to a series of circumstances that led her to conclude that Defendant was driving the car in question, and did not testify that she independently identified him driving the car. Defendant has no ineffective assistance claim, therefore, based on his counsel's failure to

raise the suppression-hearing conversation to either correct or cross-examine Agent Coughlin's trial testimony.

Second, Defendant asserts that his trial counsel was ineffective for failing to call Agent Ricko to contradict the testimony provided by Agent Harrison. At trial, Agent Harrison testified that Agent Ricko did not witness the events about which Agent Ricko testified before the grand jury. Defendant, therefore, asserts that his counsel should have called Agent Ricko to contradict Agent Harrison's testimony as a way of attacking Agent Harrison's credibility. As discussed above, however, Agent Ricko did not testify before the grand jury that he was present for all of these events, but, rather, merely provided a hearsay summary of the ATF's investigation. Taken in this light, Agent Ricko's testimony was not inconsistent with Agent Harrison's, and could not be used to attack Agent Harrison's credibility. Defendant's counsel, therefore, was not ineffective for refusing to attempt to use Agent Ricko's testimony in this way.

## Conclusion

Although Defendant asserts that his sentence was imposed in violation of the Fifth and Sixth Amendments to the United States Constitution, he has not stated any claims that rise to the level of a constitutional violation. In the absence of such a claim, we must deny his Motion.